JONATHAN MARSHALL, SR.,

      Petitioner,

      v.                                CASE NO. 19-3113-JWL

N. C. ENGLISH, Warden,
USP-Leavenworth,

      Respondent.

## MEMORANDUM AND ORDER

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241.  Petitioner is in federal custody at USP-Leavenworth in Leavenworth, Kansas.  The Court has screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and directs Petitioner to show good cause why his Petition should not be dismissed.

**Background**

Petitioner was convicted by a jury of corrupt interference with internal revenue laws and assisting in filing false income tax returns, and was sentenced in the Western District of Texas on February 16, 2007, to a 216-month term of imprisonment.  *See Marshall v. United States*, Nos. A09-CA-035-LY, A06-CR-067(1)-LY, 2010 WL 2232808 (W.D. Tex. June 1, 2010). Petitioner is 69 years old, and his projected release date is December 12, 2021.[1]

Petitioner seeks participation in the "Elderly Offender Program" under the Second Chance Act and the First Step Act, and claims the Bureau of Prisons ("BOP") arbitrarily denied him participation without comment and removed his eligibility under 42 U.S.C. § 17541(g)(5)(a). Petitioner claims that under the program, he was eligible for detention at a Halfway House on January 10, 2019, and for home detention on June 10, 2019.  Petitioner seeks participation in the

---

[1] *See* https://www.bop.gov/inmateloc/ (search for Reg. No.17040-077) (last visited July 17, 2019).

program, and "an unescorted furlough transfer to Halfway House and Home Detention from BOP

facility before June 10, 2019."[2] (Doc. 1, at 4.)

**Analysis**

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in

violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

During its initial screening of a habeas corpus petition, a reviewing court must "award the writ or

issue an order directing the respondent to show cause why the writ should not be granted, unless it

appears from the application that the applicant or person detained is not entitled thereto."  28

U.S.C. § 2243; *see also* Rule 4 of the Rules Governing § 2254 Cases in the United States District

Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Petitioner claims that he meets all the criteria for early release under the Elderly Offender

Home Detention Program ("EOHDP").  *See* 34 U.S.C. § 60541(g) (42 U.S.C. § 17541 was

transferred to 34 U.S.C. § 60541, effective September 1, 2017).  The First Step Act of 2018, Pub.

L. 115–391, 132 Stat. 5194 (2018) ("FSA"), was enacted on December 21, 2018, and re-authorizes

the BOP to conduct a home confinement pilot program for elderly offenders, initially enacted by

the Second Chance Act of 2007.  Pub. L. 115–391, § 603, 132 Stat. 5194, 5238–41; *see* 34 U.S.C.

§ 60541(g).  That statute, as amended by the FSA, now reads in pertinent part:

> **(A) In general**
> The Attorney General shall conduct a pilot program to determine the
> effectiveness of removing eligible elderly offenders and eligible
> terminally ill offenders from Bureau of Prisons facilities and placing
> such offenders on home detention until the expiration of the prison
> term to which the offender was sentenced.
>
> **(B) Placement in home detention**
> In carrying out a pilot program as described in subparagraph (A),
> the Attorney General *may release* some or all eligible elderly
> offenders and eligible terminally ill offenders from Bureau of

---

[2]  The Court notes that Petitioner filed the current Petition on June 24, 2019.

> Prisons facilities to home detention, upon written request from either the Bureau of Prisons or an eligible elderly offender or eligible terminally ill offender.

34 U.S.C. § 60541(g)(1)(A) and (B) (emphasis added). Section 60541(g)(5)(A) defines an "eligible elderly offender" as an offender in BOP custody:

> **(i)** who is not less than 60 years of age;
> **(ii)** who is serving a term of imprisonment that is not life imprisonment based on conviction for an offense or offenses that do not include any crime of violence (as defined in section 16 of Title 18), sex offense (as defined in section 20911(5) of this title), offense described in section 2332b(g)(5)(B) of Title 18, or offense under chapter 37 of Title 18, and has served $^2/_3$ of the term of imprisonment to which the offender was sentenced;
> **(iii)** who has not been convicted in the past of any Federal or State crime of violence, sex offense, or other offense described in clause (ii);
> **(iv)** who has not been determined by the Bureau of Prisons, on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau, to have a history of violence, or of engaging in conduct constituting a sex offense or other offense described in clause (ii);
> **(v)** who has not escaped, or attempted to escape, from a Bureau of Prisons institution;
> **(vi)** with respect to whom the Bureau of Prisons has determined that release to home detention under this section will result in a substantial net reduction of costs to the Federal Government; and
> **(vii)** who has been determined by the Bureau of Prisons to be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention.

34 U.S.C. § 60541(g)(5)(A).

Petitioner alleges that he meets the age and 2/3rd service of sentence requirements, but fails to provide any supporting evidence regarding the remaining subsections of § 60541(g)(5)(A). He fails, for example, to provide a statement from the BOP that, if released to home detention, he will not be at substantial risk of engaging in criminal conduct or endangering other people. He also fails to present any evidence that he ever applied to the BOP to participate in a pilot EOHDP, or

that the program is even available at USP-Leavenworth.[3]

Regardless of Petitioner's eligibility, the Supreme Court has held that a prisoner has no constitutional right to confinement in any particular place, including in home confinement. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Sandin v. Conner*, 515 U.S. 472, 478 (1995) ("[T]he Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers.") (citation omitted); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons.").

"The Attorney General—and by delegation the BOP—has exclusive authority and discretion to designate the place of an inmate's confinement." *Parsons v. Howard*, Civil No. 3:18-cv-1406, 2019 WL 469913, at *3 (M.D. Pa. Feb. 6, 2019) (citations omitted). "[A]ny approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified on utilitarian grounds—collides with 18 U.S.C. § 4082(b), which gives the Attorney General unfettered discretion to decide where to house federal prisoners." *Id*. (quoting *In re Gee*, 815 F.2d 41, 42 (7th Cir. 1987)); *see also Zheng Yi Xiao v. La Tuna Fed. Corr. Inst'n*, EP-19-CV-97-KC, 2019 WL 1472889, at *3 (W.D. Tex. April 3, 2019) (noting that the statutory language in 18 U.S.C. § 4082(b) was re-codified and is currently found at 18 U.S.C. § 3621(b)).

Moreover, a petitioner complaining about a BOP assignment is not entitled to judicial relief for an alleged "violation of his Fifth Amendment right to due process because 'the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty

---

[3] The Court recognizes that it is possible that this information is contained somewhere in the disjointed, 167-page Petition, which was not submitted on a Court-approved form. *See* D. Kan. Rule 9.1(a).

interest'." *Parsons*, 2019 WL 469913, at \*3 (citing *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (quoting *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999) (citing *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981))); *accord Nativi–Gomez v. Ashcroft*, 344 F.3d 805, 808 (8th Cir. 2003); *see also Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir. 2003) ("Since discretionary relief is a privilege . . ., denial of such relief cannot violate a substantive interest protected by the Due Process clause."); *cf. Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) ("[A] statute which 'provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process.'") (alteration in original) (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 11 (1979)).

"The First Step Act of 2018 does not mandate that the BOP place prisoners on home confinement when they meet the age and other attendant requirements for such placement; instead, the Act provides the BOP sole discretion to do so." *Jones v. Woods*, Civil Action No. 2:19-CV-61-WHA, 2019 WL 2754731, at \*4 (M.D. Ala. June 4, 2019), *adopted by* 2019 WL 2754488 (M.D. Ala. July 1, 2019); *see also Zheng Yi Xiao*, 2019 WL 1472889, at \*3 ("And in this case, the EOHDP is a pilot project, and the Attorney General retains the discretion to designate the institutions which will participate."); *see also  Carey v. Quintana*, No. 5:19-30-JMH, 2019 WL 1233846, at \*2 (E.D. Ky. Mar. 15, 2019) ("'RRC placement and home confinement are helpful resources for readjustment to society, but a prisoner does not have a constitutionally protected right to serve the final twelve months of his sentence in either a RRC or in home confinement.'") (quoting *Heard v. Quintana,* 184 F. Supp. 3d 515, 520 (E.D. Ky. 2016)).

In *Deffenbaugh v. Sullivan*, the court found that discretion to release a prisoner to home confinement under the EOHDP lies solely with the Attorney General and that the court lacked authority to order petitioner's release.  *Deffenbaugh v. Sullivan*, No. 5:19-HC-2049-FL, 2019 WL

1779573, at *1 (E.D. N.C. April 23, 2019) (citing *see, e.g., Xiao v. La Tuna Fed. Corr. Inst.*, No. EP-19-CV-97-KC, 2019 WL 1472889, at *3 (W.D. Tex. Apr. 3, 2019) (dismissing § 2241 petition relying on § 60541); *United States v. Curry*, No. CR 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief.") (emphasis in original); *Burg v. Nicklin*, No. EP-19-CV-24-FM, 2019 WL 369153, at *3 (W.D. Tex. Jan. 29, 2019) (discussing § 60541 and concluding that prisoners have no constitutional or statutory right to be placed in home confinement, and the BOP has the discretion to determine whether to assign a prisoner to home confinement)); *see also Austin v. Woods*, No. 2:19-CV-7-WHA, 2019 WL 2417654 (M.D. Ala. May 17, 2019), *adopted by* 2019 WL 2422114 (M.D. Ala. June 7, 2019) (stating that "[t]he First Step Act of 2018 does not mandate that the BOP place prisoners on home confinement when they meet the age and other attendant restrictions for such placement; instead it merely provides the BOP with discretion to do so" and "the BOP's placement determinations, including those regarding home confinement, are expressly insulated from judicial review") (citing *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011)); *see also United States v. Egan*, Case No. 10 CR. 191 (JFK), 2019 WL 1552266, at *1–2 (S.D. N.Y. April 10, 2019) (stating that the court has no authority under the statute to order home detention "nor can it require the Attorney general or the Bureau of Prisons to provide Egan with a forum to determine his eligibility for this program").

Likewise, in *Stark v. Rios*, the court concluded that it had no authority under § 60541(g) to order petitioner to serve the remainder of his sentence in home detention, stating that "[t]he federal courts that have considered the recently-amended 34 U.S.C. § 60541(g) have found a district court has no power to use it to grant a prisoner early release to home detention." *Stark v. Rios*, Case

No. 19-cv-375 (ECT/SER), 2019 WL 2796766, at *2 (D. Minn. June 5, 2019), *adopted by* 2019 WL 2766525 (D. Minn. July 2, 2019) (citations omitted); *see also United States v. Clark*, No. 3:13-cr-163-FDW-1, 2019 WL 1052020, at *3 (W.D. N.C. Mar. 5, 2019) (holding that courts cannot order home imprisonment for eligible elderly offenders under 34 U.S.C. § 60541 because "the method of incarceration . . . is determined solely by the Bureau of Prisons"); *United States v. Perez-Asencio*, No. 18CR3611-H, 2019 WL 626175, at *4 (S.D. Cal. Feb. 14, 2019) (finding that 34 U.S.C. § 60541 "only authorizes the Attorney General, not the courts, to modify the method of imprisonment from a BOP facility to home confinement."); *see United States v. Burkhart*, No. 6:03-036-DCR, 2019 WL 615354, at *1 n.1 (E.D. Ky. Feb. 13, 2019) (noting it would not be within the court's authority to grant release where the BOP retains decision-making authority under 34 U.S.C. § 60541)).

Because the Court has no authority under § 60541(g) to order home detention, Petitioner should show good cause why his Petition should not be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner is granted until **August 9, 2019,** in which to show good cause, in writing, why his Petition should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 19th day of July, 2019.**

**S/    John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
