## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JONATHAN MARSHALL, SR.,

      **Petitioner,**

      **v.**                                  **CASE NO. 19-3113-JWL**

N. C. ENGLISH, Warden,
USP-Leavenworth,

      **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in federal custody at USP-Leavenworth in Leavenworth, Kansas. The Court screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and entered a Memorandum and Order (Doc. 2) directing Petitioner to show good cause why his Petition should not be dismissed for the reasons set forth in the Memorandum and Order. Petitioner filed his Response (Doc. 3), and the Court finds that he has failed to show good cause why his Petition should not be dismissed.

In the Memorandum and Order, the Court found that although Petitioner claims he meets all the criteria for early release under the Elderly Offender Home Detention Program ("EOHDP"), he fails, for example, to provide a statement from the BOP that, if released to home detention, he will not be at substantial risk of engaging in criminal conduct or endangering other people; he also fails to present any evidence that he applied to the BOP to participate in a pilot EOHDP, or that the program is even available at USP-Leavenworth. The Court found that, regardless of Petitioner's eligibility, the Supreme Court has held that a prisoner has no constitutional right to confinement in any particular place, including in home confinement. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators'

expertise."); *Sandin v. Conner*, 515 U.S. 472, 478 (1995) ("[T]he Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers.") (citation omitted); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons.").

The Court also found that: the Attorney General—and by delegation the BOP—has exclusive authority and discretion to designate the place of an inmate's confinement; the First Step Act of 2018 does not mandate that the BOP place prisoners on home confinement when they meet the age and other attendant requirements for such placement and instead provides the BOP sole discretion to do so; a petitioner complaining about a BOP assignment is not entitled to judicial relief because the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest; the Court lacked authority to order Petitioner's release to home detention; and the BOP's placement determinations, including those regarding home confinement, are expressly insulated from judicial review.

Petitioner's Response is largely incomprehensible, with multiple cross-references, tabs, and inserts from other documents. Much of the Response refers to irrelevant matters, including past unrelated grievances and administrative exhaustion—an issue not raised in the Court's Memorandum and Order.

In his Response, Petitioner states that the Court "looked at the situation from the 'Endpoint-(s)'," stating that:

> With the blink of an eye, the JUDGE has three(3) dozens possibilities rejecting Marshall's Habeas . . . Not one direction, but several simultaneously. This absolute commitment gives the A.G. or BOP ("GOVERNMENT") an absolute right choice on pretending to play an endgame according to EX PARTE situation." This Petition should not be dismissed because the UNITED STATE OF AMERICA ("GOVERNMENT") Has Not Filed A Response (Emphasis Added).

(Doc. 3, at 11.)   Petitioner states that "THE PETITIONER WILL NOT MAKE ANY FURTHER CLAIMS UNDER ELDERLY OFFENDER HOME DETENTION PROGRAM" and then argues that his Petition should not be dismissed "Ex Parte."   (Doc. 3, at 13.)   If Petitioner is somehow suggesting that the Court cannot dismiss his Petition without requiring an answer from the Respondent, such an argument is without merit.   During its initial screening of a habeas corpus petition, a reviewing court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*."   28 U.S.C. § 2243 (emphasis added).   Rule 4 provides that:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.   If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Petitioner's Response fails to address any of the deficiencies set forth in the Court's Memorandum and Order at Doc. 2, and fails to show good cause why his Petitioner should not be dismissed.   Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that the Petition is **dismissed.**

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 26th day of August, 2019.**

**S/   John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**